# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JEREMY SMITH (#523901)**                                       **CIVIL ACTION NO.**

**VERSUS**                                                        **21-322-SDD-EWD**

**DARREL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 4, 2022.

                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEREMY SMITH (#523901)**                                   **CIVIL ACTION NO.**

**VERSUS**                                                              **21-322-SDD-EWD**

**DARREL VANNOY, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint,[1] of Jeremy Smith ("Smith"), who is representing himself, and who is currently incarcerated at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana. Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Smith's federal claims be dismissed for failure to state a claim upon which relief may be granted, that the Court decline to exercise supplemental jurisdiction over any state law claims, and that the case be closed.

**I.    Background**

Smith filed this suit against Warden Darrel Vannoy, Capt. J. Turner, and Nyesha Davis (collectively "Defendants") pursuant to 42 U.S.C. § 1983. Smith alleges that Defendants violated his constitutional rights by not returning his property to him when he was transferred to another section of LSP.[2] He requests injunctive and monetary relief.[3]

**II.    Law & Analysis**

**A.    Standard of Review**

This Court is authorized to dismiss any claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] R. Doc. 1.
[2] R. Doc. 1, pp. 4-5.
[3] R. Doc. 1, p. 6.

granted.[4] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[8] While the screening process does give a court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

---

[4] §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Smith was granted permission to proceed *in forma pauperis* on June 3, 2021, so both statutes apply. R. Doc. 4.
[5] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Id.*
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Denton*, 504 U.S. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

### B. Smith Cannot State a Claim for His Lost Property

Smith alleges that when he was transferred within the prison, his property was not transferred with him and has yet to be returned. Pursuant to well-established federal jurisprudence, an unauthorized negligent, or even intentional, wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available.[13] Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate.[14] Here, Smith has not alleged that state post-deprivation remedies are unavailable or are inadequate. To the contrary, Louisiana law provides a basis for Smith to proceed against Defendants for recovery of his property or for reimbursement for its loss.[15] Accordingly, Smith fails to state a federal claim for alleged loss of property without due process.[16]

---

[13] *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542 (1981). This is commonly referred to as the "Parratt/Hudson Doctrine."

[14] *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984). *See also, Batiste v. Lee*, Civ. Action No. 09-674, 2009 WL 2708111 (W.D. La. Aug. 26, 2009) (dismissing *pro se* prisoner's claims for deprivation of property as frivolous and for failing to state a claim based on the *Parratt/Hudson Doctrine*)

[15] *Marshall*, 741 F.2d at 763 (noting that Louisiana Civil Code article 2315 provides post-deprivation remedies for negligence or intentional torts). The Louisiana Administrative Code also has a specific procedure for inmates to make lost property claims. La. Admin. Code tit. 22, Part I(L). If it is established that the inmate's property was lost by prison officials, the inmate may recover the reasonable value of the property or may be entitled to state issued replacement property. The mere fact that religious and legal items were included in the lost property does not give rise to a federal claim regarding religion or a claim of access to the courts. *See Maize v. Monfra*, No. 16-15364, 2016 WL 11220807, at pp. *1 & 5 (E.D. La. Nov. 7, 2016), *report and recommendation adopted* No. 16-15364, 2017 WL 2417182 (E.D. La. June 2, 2017) (dismissing claim of lost property, including legal mail and religious items, as frivolous).

[16] Additionally, Smith's claims are prescribed on the face of the Complaint. Smith's administrative remedy grievance about the issues that form the basis of his lawsuit was accepted on July 2, 2019. R. Doc. 1, p. 3. Under La. Admin. Code Title 22, Part I, § 325(J)(1)(c), the grievance process had to be completed within a maximum of ninety days, or by September 30, 2019. Accordingly, even giving Smith the benefit of not counting the time that passed prior to filing his grievance, he had to file suit with this Court within one year of that date, or by no later than September 30, 2020. La. Civ. Code art. 3492; *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (in Louisiana, the relevant prescriptive period is one year, and the federal court borrows this prescriptive period). Smith did not file this suit until May 26, 2021—almost eight months too late. Although Smith alleges that he did not receive a response to his ARP, he was permitted to proceed with filing suit if he did not receive responses at each step within the time periods provided (40 days for first step response; 45 days for second step response). La. Admin. Code Title 22, Part I, § 325(J)(1)(c). It also appears that the claims are unexhausted, as Smith indicates he only proceeded to the first step of the administrative grievance process (R. Doc. 1, p. 3), so his claims would also likely be subject to dismissal for failure to exhaust pursuant to 42 U.S.C. § 1997e. Because Smith's claims are prescribed on the face of the Complaint, he should not be allowed leave to amend to attempt to state a claim

3

### C. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Smith seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. Having recommended that Smith's federal claim be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction over any potential state law claims be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that Jeremy Smith's federal claims for lost property against Darrel Vannoy, J. Turner and Nyesha Davis be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim, that the Court decline to exercise supplemental jurisdiction over potential state law claims and that the case be CLOSED.

**IT IS FURTHER RECOMMENDED** that leave to amend be denied, if sought, as Smith's claims are prescribed on the face of the Complaint.

Signed in Baton Rouge, Louisiana, on January 4, 2022.

                                                    *Erin Wilder-Doomes*
                                                    **ERIN WILDER-DOOMES**
                                                    **UNITED STATES MAGISTRATE JUDGE**

---

because any amendment consistent with the alleged facts would be subject to dismissal. *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (though ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).